THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE FORDLEY, Defendant-Appellant.

(No. 57774;

First District (5th Division)—May 17, 1974.

Sam Adam, Edward M. Genson and Arnette R. Hubbard, all of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, and Ferdinand M. Minelli, Senior Law Student, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from an order finding him guilty of contempt for failure to comply with a grand jury subpoena duces tecum to produce a film for its viewing and committing him to the sheriff's custody until he produces the film. He contends that he was denied due process of law by the trial court's failure to conduct a hearing on a rule to show cause

and that the trial court erred in ordering the performance of an impossible task.

On June 23, 1972, pursuant to a grand jury investigation into obscenity, a subpoena duces tecum was issued directing the "Custodian of Films, Admiral Theatre, 3940 W. Lawrence, Chgo., Ill." to appear before the grand jury on June 26, 1972, at 9:30 A.M. to testify and to produce a film named "Inga" shown at the theatre on June 23, 1972, at 1:30 P.M. The return of the subpoena indicates that James A. Colias served the subpoena on "Harold Eugene Fordley, Manager of Admiral Theatre" on June 23, 1972.

Defendant failed to appear before the grand jury on June 26, 1972, as required. However, he appeared in court with his attorney on June 27, 1972, when the State presented a written petition for a rule to show cause why he should not be held in contempt as a result of his failure to appear. Although unverified, the petition stated that the grand jury was lawfully in session investigating obscenity, that the subpoena duces tecum for the "Custodian of Films" of the Admiral Theatre "was duly served [by James A. Colias] upon Harold Eugene Fordley, who identified himself as the manager of the said Admiral Theatre," and that defendant did not appear as required by the subpoena or notify anyone of his whereabouts thereby disrupting the grand jury process and lessening its dignity. The cause was continued to June 29, 1972.

On June 29, 1972, a hearing was held on the rule to show cause. While no report of proceedings of this hearing was included in the record, the record does indicate that defendant was present. The court assessed and defendant paid a $100 fine imposed against him for contempt. Defendant then moved to quash the subpoena raising only one issue: that the subpoena was invalid under the first, fourth and fourteenth amendments to the U.S. Constitution because no hearing was held. No question was raised regarding defendant's ability to comply with the subpoena. After the State was granted time to respond, the motion was set for hearing on July 13, 1972. (The record does not include any written response by the State.)

After hearing oral arguments on July 13, 1972, the court denied defendant's motion to quash the subpoena and inquired of defendant: "[W]ill you appear on July 19th at 10:00 o'clock before the Grand Jury with the film they have requested—?" Defendant answered: "Yes, sir, I will be there." The court, noting that the grand jury had been extended, then continued the subpoena to July 19, 1972, to permit defendant to produce the film.

Defendant appeared and testified before the grand jury on July 19, 1972, but failed to produce the film. The State immediately went before

the court and orally requested a rule to show cause because of defendant's failure to produce the film. Although defendant and his attorney were present in court they made no motion to dismiss the State's oral petition or to discharge the rule or for a finding of not guilty. Defendant through counsel initially indicated that he was unable to comply with the subpoena because there was no film named "Inga" and because he was only an usher at the theatre, he did not have custody or possession of the film. Defendant testified that there were only two films shown at the Admiral Theatre on June 23, 1972—"Animal Lovers" and "Sexual Freedoms in Denmark." James A. Colias, a State's Attorney's investigator, testified for the State: He called the Admiral Theatre regarding the film being shown at 1:30 P.M. on June 23, 1972, and was told the name of the film was "Inga and the Animal Lovers." He viewed the film being shown at the Admiral Theatre at 1:30 P.M. on June 23, 1972. Although he was unsure of the full title of the film, he noticed the words "Animal Lovers" in the title and the name of the performer was "Inga." In the newspapers, the film was advertised as "Inga." After viewing the film, he testified that he spoke to someone in the box office (whose identity was unclear) regarding the film. He then went with defendant and served the projectionist. (The projectionist testified before the grand jury that an unknown man entered the projection booth immediately after the film showing was over and took the film.) The court concluded that defendant knew which film was required, that defendant was in control of the production, and that his conduct in failing to produce the film after promising to do so was contumacious. Defense counsel protested that no evidence had been presented that defendant had taken the film or that he was manager of the theatre. The court re-asserted its conclusion that defendant was the manager of the theatre, but permitted defendant to testify further. Defendant then testified that he was only an usher in the theatre, that he had no control over the films, that he first observed Colias speaking to the owner of the theatre, Patsy Rickardi, in the box office as he returned from the auditorium with his flashlight in hand after checking for smokers and that Rickardi handed him the subpoena.

The court then ordered defendant held in the custody of the sheriff until the film is produced in compliance with the direction of the subpoena.

OPINION

■■ Defendant argues that the trial court erred in its conduct of the hearing on the rule to show cause. The court held a full hearing and we find no error in the judge's conduct thereof. Defendant agreed on July 13, 1972 to produce the film before the grand jury. No objection was made at that time to the motion for a rule to show cause, nor was there

any claim that defendant was not served nor that he was only an usher. On July 19, 1972, defendant appeared before the grand jury, but failed to produce the film. At a hearing on the oral request for a rule defendant, for the first time, raised the issue of service and his capacity as an usher. After hearing Colias' and defendant's testimony, the court found defendant guilty of contempt for failure to comply with the subpoena after he had promised to do so. There was no explanation of why defendant agreed to produce the film or why he did not produce it. Under these circumstances we cannot find that the court erred in finding defendant guilty of contempt and that finding will be affirmed.

■■ However, since the grand jury to which the subpoena was returnable is no longer in session, the order incarcerating defendant until he complies is no longer viable. Therefore, the cause is remanded with directions to vacate the order of incarceration and for further proceedings not inconsistent with this opinion.

Affirmed and remanded with directions.

SULLIVAN, P. J., and DRUCKER, J., concur.